UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VINCENT BARBATO,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-0732 |
| v. | : | (JUDGE MANNION) |
| **PROGRESSIVE SPECIALTY INSURANCE COMPANY,** | : | |
| Defendant | : | |

**MEMORANDUM**

**I.   BACKGROUND**

Following a motor vehicle accident in which Plaintiff Vincent Barbato was injured by a negligent driver, Plaintiff filed this action against Defendant Progressive Insurance Company in the Court of Common Pleas of Pike County. Plaintiff's original complaint raised a breach of contract claim under which Plaintiff asserted that he was entitled to underinsured motorist benefits pursuant to his insurance policy with Defendant. (Doc. 1-1, ¶¶ 16, 20) The parties have since agreed to a payment of $15,000 in underinsured motorist benefits, the full coverage amount of the policy, and Plaintiff has signed a release in exchange for this payment. (Doc. 19, ¶ 29). The second count of Plaintiff's original complaint alleged bad faith by the Defendant in adjusting, evaluating and reviewing Plaintiff's insurance claim. (Doc. 1-1, ¶ 22).

On April 21, 2021, Defendant filed a notice of removal, stating that this court has original jurisdiction over the matter under 28 U.S.C. §1332. (Doc. 1 ¶ 12). On April 22, 2021, Plaintiff advised Defendant of his intention to file a motion to remand. (Doc. 10-1). On April 26, 2021, Defendant requested that Plaintiff agree to a stipulation capping damages at $74,999, and Plaintiff rejected the proposal. (Id.).

On April 28, 2021, Plaintiff filed a motion to remand, and a brief in support thereof, arguing that Defendant has failed to meet its burden of establishing that the amount in controversy is in excess of $75,000 as required for diversity jurisdiction under §1332. (Doc. 3, ¶ 15; Doc. 4). On May 12, 2021, Defendant submitted its brief in opposition to Plaintiff's motion to remand. (Doc. 10). On May 20, 2021, plaintiff filed his reply brief. (Doc. 15).

On June 4, 2021, plaintiff filed an amended complaint in this court. (Doc. 19). Plaintiff's amended complaint raises a claim of bad faith under 42 Pa. C.S.A. §8371 and the Pennsylvania Unfair Insurance Practices Act, 40 P.S. §1171 against Defendant with respect to its handling of Plaintiff's insurance claim. (Doc. 19, ¶ 30). The amended complaint requests judgment "in an amount in excess of $50,000 together with interest, costs of suit, attorney's fees, and punitive damages." (Doc. 19).

On June 18, 2021, Defendant filed its answer to Plaintiff's amended complaint with affirmative defenses. (Doc. 22).

Pending before the court is Plaintiff's motion to remand this case to the Court of Common Pleas of Pike County. For the reasons that follow, this motion will be **DENIED**.

**II.   DISCUSSION**

A defendant may remove to federal court any civil action over which federal courts have original jurisdiction. 28 U.S.C. §1441(a). Federal courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a)(1). The amount in controversy asserted in a notice of removal can satisfy the requirement for original jurisdiction under §1332 "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. §1446(c)(2).

A defendant bears the burden of demonstrating, by a preponderance of the evidence, the factual basis for satisfying the amount in controversy requirement. Lasher v. Statoil USA Onshore Prop., Inc., 2018 WL 1524881, at *2 (M.D. Pa. 2018) (citing Samuel-Bassett v. KIA Motors Amer., Inc., 357 F.3d 392, 397-398 (3d Cir. 2004)). Removal is "strictly construed," and

doubts about removal are "resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). In evaluating the amount in controversy for removal cases, courts look first to the complaint itself—that is, the complaint filed in state court. Samuel-Bassett, 357 F.3d at 398. Where punitive damages are recoverable, they are properly considered in determining whether the amount in controversy is satisfied. Packard v. Provident Nat'l. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993). Attorney's fees, too, are considered in calculating the amount in controversy. Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997).

In assessing the sufficiency of the amount in controversy for jurisdiction, courts first resolve factual disputes using the preponderance of evidence standard. Schober v. Schober, 761 Fed.Appx. 127, 129 (3d Cir. 2019). Where the complaint does not specifically limit the amount in controversy to less than the jurisdictional minimum, courts then apply the "legal certainty" test, adopted in Samuel-Bassett, 357 F.3d at 398 and St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Federico v. Home Depot, 507 F.3d 188, 197 (3d Cir. 2007). Under this standard, the amount in controversy requirement is satisfied unless it appears to a legal certainty that the claim is for less than $75,000. Schober, 761 Fed.Appx. at 129 (citing Red Cab, 303 U.S. at 289). The estimation of

the amount in controversy must be "realistic," "objective," and not based on "fanciful, 'pie-in-the-sky,' or simply wishful amounts." Samuel-Bassett, 357 F.3d at 403.

The parties here are citizens of different states, thus, Plaintiff challenges federal diversity jurisdiction based only on the amount in controversy requirement. Plaintiff requests a judgment in the excess of $50,000 including interest, costs, attorney's fees, and punitive damages. The underlying insurance claim at issue involved Plaintiff's policy with Defendant, which provided $15,000 in underinsured motorist coverage and which Defendant has since tendered to Plaintiff in full. (Doc. 19, ¶¶ 17, 27). Plaintiff's remaining claim alleges bad faith as defined under 42 Pa. C.S.A. §8371 and 40 P.S. §1171. (Doc. 1-1, ¶ 22). Section 8371 authorizes awards of interest, punitive damages, court costs and attorney's fees against an insurer. Wolfe v. Allstate Prop. & Cas. Ins. Co., 790 F.3d 487, 498 (3d Cir. 2015); 42 Pa. C.S.A. §8371(1)-(3). Section 1171 defines unfair insurance practices but does not create a private right of action. Leach v. Northwestern Mut. Ins. Co., 262 Fed. Appx. 455, 459 (3d Cir. 2008); 40 P.S. §1171.2; §1171.11.

As support for removal, Defendant notes that other courts in this Circuit have upheld jurisdiction against a motion to remand where similar

compensatory damages amounts, plus punitive damages, were at issue. See Hatchigan v. State Farm Ins. Co., 2013 WL3479436, at *2 (E.D. Pa. 2013) ($13,500 disputed amount plus punitive damages); Harvey v. U.S. Life Ins. Co. in N.Y.C., 2008 WL2805608, at *2 (E.D. Pa. 2008) ($14,000 compensatory damages claim also seeking punitive damages and attorney's fees); Karlowicz v. Amer. States Ins. Co., 2020 WL6165303, at *7-8 (M.D. Pa. 2020) ($1,013 disputed amount plus punitive damages).

Other courts in this Circuit have opined that a plaintiff's refusal to stipulate to a cap on damages of $75,000 is evidence weighing against remand. See e.g., Heffner v. LifeStar Response of N.J., Inc., 2013 WL5416164, at *7 (E.D. Pa. 2013); Alston v. Wal-Mart Stores East, L.P., 2012 WL4321972, at *3 (E.D. Pa. 2012); Lee v. Walmart, Inc., 237 F.Supp.2d 577, 580. Defendant here did seek a stipulation capping damages at $74,999, which Plaintiff rejected. (Doc. 10-1).

Plaintiff relies on Casey v. Nationwide Mut. Ins. Co., No. 3:02-1234, at 4 (M.D. Pa. 2002), in which the court granted a motion to remand where the defendant seeking removal had only asserted the plaintiff's "naked claim for punitive damages" in demonstrating the amount in controversy. There, the court noted that the defendant had "not established how the claim attains the jurisdictional threshold, nor offered any case law of analogous issues, to

- 6 -

support its position." *Id.* Here, on the other hand, Defendant *has* offered case law supporting its position, and has also provided additional support in the form of Plaintiff's refusal to cap damages.

More recently, the court denied a plaintiff's motion to remand where benefits of $25,000, plus punitive damages and attorney's fees, were requested as part of a bad faith insurance claim. Pivtchev v. State Farm Mut. Auto Ins. Co., 2019 WL2743843, at *3 (M.D. Pa. 2019). There, the court explained that "[a] punitive damages award which is double the amount of the policy limit is reasonable and possible in such a case." *Id.*

Likewise here, punitive damages and attorney's fees totaling $75,000 are reasonable and possible. Indeed, Pennsylvania courts have awarded similarly significant punitive damages on insurance bad faith claims under 42 Pa. C.S.A. §8371. *See, e.g.,* Grossi v. Travelers Pers. Ins. Co., 79 A.3d 1141, 1160 (Pa. Super. Ct. 2013) (upholding punitive to compensatory damages ratio of 4:1 or 5:1); Hollock v. Erie Ins. Exch., 842 A.2d 409, 422 (Pa. Super. Ct. 2004) (upholding ratio of 10:1). Substantial attorney's fees awards, too, have been granted for insurance bad faith claims. Bonenberger v. Nationwide Mut. Ins. Co., 791 A.2d 378, 379-80, 384 (Pa. Super. Ct. 2002) (affirming award of $89,160 in attorney's fees where damages were $79,250); Willow Inn, Inc. v. Pub. Serv. Mut. Ins., 2002 WL 922144, at *4

- 7 -

(E.D. Pa. 2002) (awarding $128,075 in attorney's fees for a $125,000 judgment).

Because Plaintiff does not specifically limit his amended complaint to $75,000, and because no factual dispute is raised by the parties, the court proceeds to the legal certainty test. In light of the reasonable possibility that punitive damages and attorney's fees may exceed $75,000, and considering Plaintiff's refusal to cap damages at $75,000, the court finds that it does not appear to a legal certainty that Plaintiff's claim is for less than the jurisdictional minimum. Therefore, Plaintiff's Motion to Remand will be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand this case to state court, (Doc. 3), is **DENIED**. An appropriate Order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 19, 2021**
21-0732-01